**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SHARON JOHNSON, individually and as the
Administrator of the Estate of Ennis Johnson,
Deceased

                                                          **ORDER**
                          Plaintiffs,         10-CV-3217 (ADS)(AKT)

        -against-

51 SMITH STREET L.L.C., its members,
managers, and/or assigned agent or otherwise in
his/her official and individual capacity, and JAY
LEVY, in his individual and official capacity.

                       Defendants.
-----------------------------------------------------------X

**APPEARANCES:**

**The Law Offices of Frederick K. Brewington**
*Attorney for the Plaintiffs*
556 Peninsula Boulevard
Hempstead, NY 11550
      By: Frederick K. Brewington, Esq., Of Counsel

**Kardisch Law Group, PC**
*Attorney for the Defendants*
585 Stewart Avenue, Suite 740
Garden City, NY 11530
      By: Josh H. Kardisch, Esq., Of Counsel

**SPATT, District Judge**.

On October 23, 2015, the Court issued a memorandum of decision and order (i) granting the Defendants' motion for summary judgment with respect to the Plaintiffs' seventh cause of action under the Nassau County Administrative Code; and (ii) denying the Defendants' motion with respect to the Plaintiffs' housing discrimination claims under the Fair Housing Amendments Act ("FHA"), 42 U.S.C. §§ 3604(f)(2)(a), 3604(f)(1), & 3617, and the New York Human Rights

Law ("NYSHRL"), N.Y. Exec. Law § 296(2-a), which are labelled as the second, third, fourth, and sixth causes of actions in the second amended complaint.

In addition, the Court *sua sponte* held that the Plaintiffs' claims under Title III of the ADA, 42 U.S.C. § 12182 ("ADA") and the New York anti-SLAPP statute, N.Y. Civ. Rights Law § 70-a ("New York anti-SLAPP" statute) (the fifth cause of action) failed as a matter of law. However, in compliance with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(f), the Court granted the Plaintiffs leave to file a letter showing cause as to why this Court should not dismiss those claims.

In response, the Plaintiff filed letters indicating that they were voluntarily withdrawing their claims under Title III of the ADA and the New York Anti-SLAPP statute.

Accordingly, those claims are hereby dismissed from this action. As a result, the following claims remain to be tried: (i) counts two, three, four, and six of the second amended complaint alleging housing discrimination under the FHA and the NYSHRL; and (ii) the Defendant's counterclaims against the Plaintiff alleging a violation of the New York anti-SLAPP statute and malicious prosecution.

**SO ORDERED.**
Dated: Central Islip, New York
November 5, 2015

                                            _/s/ Arthur D. Spatt_
                                              ARTHUR D. SPATT
                                       United States District Judge